NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1247

COMMONWEALTH

vs.

MOLLY D. LOBO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial, the defendant was convicted of operating under the influence of intoxicating liquor (OUI).[1] On appeal, she claims that trial counsel was ineffective. We affirm.

The crux of the defendant's appeal is that the Commonwealth failed to prove public way, an essential element of OUI, and that through cross-examination, her trial counsel elicited testimony that proved this element.[2] Generally, to prevail on an ineffective assistance of counsel claim a defendant must demonstrate that, but for her counsel's "serious incompetency,

_____

[1] The defendant was acquitted of negligent operation of a motor vehicle.

[2] The defendant does not challenge the sufficiency of the other elements of OUI, and therefore we need not address them. See G. L. c. 90, § 24 (1) (a) (1).

inefficiency, or inattention," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), "the result of the proceeding would have been different." Commonwealth v. Mahar, 442 Mass. 11, 15 (2004), quoting Strickland v. Washington, 466 U.S. 668, 694 (1984). The defendant's claim here is inextricably woven into the sufficiency of the evidence. "In determining whether the Commonwealth met its burden to establish each element of the offense charged, . . . '[the] question is whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Colas, 486 Mass. 831, 836 (2021), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

The Commonwealth must prove that the defendant operated a motor vehicle on a public way, which is "any way or . . . any place to which the public has a right of access, or . . . any place to which members of the public have access as invitees or licensees." Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 217 (2019), quoting G. L. c. 90, § 24 (1) (a) (1). "Way" is further defined to include "any public highway, private way laid out under authority of statute, way dedicated to public use, or way under control of park commissioners or body having like powers." Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 832 (2010), quoting G. L. c. 90, § 1.

2

On direct examination, Brockton police officers Michael Minnock and Steven Pierce testified that they were dispatched to 81 Sophia Avenue where they saw a Hyundai, facing southeast, diagonally in the middle of the street.  The defendant was in the driver's seat of the car, which was running.  Minnock described Sophia Avenue as "a two-way, undivided street" that is paved.  He also testified that the Brockton fire department and emergency medical services arrived at the scene.

"[T]he objective appearance of the way . . . is determinative of its status" (citation omitted).  Belliveau, 76 Mass. App. Ct. at 832.  Taking the evidence in its totality, the fact finder could conclude that the Commonwealth proved that Sophia Avenue was a public way for the following reasons.  The police were dispatched to number "81," from which an inference could be drawn that 81 Sophia Avenue was a residence that abutted the street.  And Minnock testified that Sophia Avenue was a paved, two-way street, that emergency personnel accessed.  While the prosecutor could have elicited additional testimony on this point, the evidence sufficed to prove the element of public

3

way.  See Commonwealth v. Smithson, 41 Mass. App. Ct. 545, 549-550 (1996) (indicia of public way include paving and abutting houses).

Judgment affirmed.

By the Court (Rubin, Blake & Shin, JJ.[3]),

Assistant Clerk

Entered:  March 5, 2024.

---

[3] The panelists are listed in order of seniority.